Ronald Lovitt, Bar No. 040921
J. Thomas Hannan, Bar No. 039140
Henry I. Bornstein, Bar No. 75885
LOVITT & HANNAN, INC.
900 Front Street, Suite 300
San Francisco, California  94111
(415) 362-8769
Fax:  (415) 362-7528

Lynn Lincoln Sarko, *pro hac vice*
Michael D. Woerner, *pro hac vice*
Gretchen F. Cappio, *pro hac vice*
KELLER ROHRBACK, L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
(206) 623-1900
Fax: (206) 623-3384

*Counsel for Plaintiffs*

(Complete List of Plaintiffs' Counsel at End of Document)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN STRIGLIABOTTI, et al., for the use and benefit of THE TEMPLETON GROWTH FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FRANKLIN RESOURCES, INC., et al., <br><br> Defendants. | No. C 04 0883 SI <br><br> PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# TABLE OF CONTENTS

I. INTRODUCTION AND BACKGROUND INFORMATION ....................................................1

II. DEFENDANTS HAVE PERVASIVE CONNECTIONS WITH THE
    NORTHERN DISTRICT OF CALIFORNIA ....................................................................3

III. THE EXISTENCE OF LITIGATION IN NEW JERSEY AGAINST *SOME*
     OF THE DEFENDANTS DOES NOT WARRANT TRANSFER ....................................6

    A.        Defendants concede that most of the New Jersey litigation is too
                dissimilar for consolidation ..................................................................................6

    B.        The first-to-file rule mandates against transfer to New Jersey. ..............................8

IV. THE BALANCE OF CONVENIENCES WEIGHS HEAVILY AGAINST
    TRANSFER OF VENUE UNDER SECTION 1404(a) ....................................................10

    A.        Plaintiffs' choice of forum is entitled to deference....................................11

    B.        The convenience of the parties and witnesses weighs in favor of
                the Northern District of California because Defendants are
                headquartered here and the vast majority of the witnesses are
                located here. ........................................................................................................14

            1.      Parties.........................................................................................14

            2.      Witnesses ....................................................................................17

    C.        Ease of Access to the Evidence ........................................................................19

    D.        Familiarity of each Forum with the Applicable Law............................................19

    E.        Feasibility of Consolidation................................................................................20

    F.        Local interest in the Controversy........................................................................20

    G.        Relative Docket Congestion ..............................................................................21

V. CONCLUSION.......................................................................................................22

1

TABLE OF AUTHORITIES

2

3   Federal Cases

4   *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622 (9th Cir. 1991) ............................... 9

5   *Applied Vision Inc., v. Optical Coating Lab., Inc.*, No. 97-1233, 1997 WL 601425
       (N.D.Cal. 1997) ................................................................................................ 9
6
    *AT&T Corp. v. PAB, Inc.*, 935 F. Supp. 584 (E.D. Pa. 1996) ...................................... 13
7
    *Bertozzi v. King Louie Int'l., Inc.*, 420 F. Supp. 1166 (D.R.I. 1976) ............................... 7
8
    *Bryant v. Oxxford Express, Inc.*, 181 F. Supp. 2d 1045 (C.D. Cal. 2000) ...................... 10
9
    *Cianbro Corp. v. Curran-Lavoie, Inc.*, 814 F.2d 7 (1st Cir. 1987) ............................... 20
10
    *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549 (S.D.N.Y. 2000) ........................ 10, 18
11
    *Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.*, 821 F. Supp. 962
12     (D.Del. 1993) .................................................................................................... 13

13  *Daily Income Fund, Inc. v. Fox*, 464 U.S. 523 (1984) .............................................. 12

14  *Dandorph v. Fahnestock & Co.*, 462 F. Supp. 961 (D. Conn. 1979) ............................... 8

15  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834 (9th Cir. 1986) ................. 11, 20

16  *Dwyer v. Gen. Motors Corp.*, 853 F. Supp. 690 (S.D.N.Y. 1994) ................................... 15

17  *Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086 (N.D. Cal. 2002) .......... 18

18  *Green v. Nuveen Advisory Corp.*, 186 F.R.D. 486 (N.D. Ill. 1999) ................................. 8

19  *Guthy-Renker Fitness, LLC v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264 (C.D.
       Cal. 1998) ................................................................................................ 9, 10, 11
20
    *Hawk Indus., Inc. v. Bausch & Lomb, Inc.*, 59 F.R.D. 619 (S.D.N.Y. 1973) ................. 7
21
    *Home Indem. Co. v. Stimson Lumber Co.*, 229 F. Supp. 2d 1075 (D. Or. 2001) ............. 13, 14, 16
22
    *In re ML-Lee Acquisition Fund II, L.P.*, 816 F. Supp. 973 (D. Del. 1993) .................... 12, 18
23
    *Int'l. Bhd. of Painters & Allied Trades Union v. Best Painting and Sandblasting
24     Co., Inc.*, 621 F. Supp. 906 (D.C. 1985) .................................................................. 20

25  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000) ................................... 19

26  *Koenig v. Benson*, 117 F.R.D. 330 (E.D.N.Y. 1987) ................................................. 7

*Linear Tech. Corp. v. Analog Devices, Inc.*, No. 94-3988, 1995 WL 225672 (N.D. Cal. Mar. 10, 1995) ................................................................................ 7, 11, 20

*Miller v. Consol. Rail Corp.*, 196 F.R.D. 22 (E.D. Pa. 2000) ................................ 13, 21

*Olesh v. Dreyfus Corp.*, No. 94-1664, 1995 WL 500491 (E.D.N.Y. Aug. 8, 1995) ..................... 8

*Royal Queentex Enters. Inc. v. Sara Lee Corp.*, No. 99-4787, 2000 WL 246599 (N.D. Cal. Mar. 1, 2000) ................................................................ 10, 17, 18, 20

*Sec. Investor Protector Corp. v. Vigman*, 764 F.2d 1309 (9th Cir. 1985) ................................ 12

*Spira v. Nick*, 876 F. Supp. 553 (S.D.N.Y. 1995) ................................................................ 8

*Stull v. Baker*, 410 F. Supp. 1326 (S.D.N.Y. 1976) ................................................................ 7

*STX, Inc. v. Trik Stik, Inc.*, 708 F. Supp. 1551 (N.D. Cal. 1998) ................................ 15

*Teknekron Software Sys., Inc., v. Cornell Univ.*, No. 93-20122, 1993 WL 215024 (N.D. Cal. June 14, 1993) ................................................................ 11, 20

*Tenekron Customer Info. Solutions, Inc. v. Watkins Motor Lines, Inc.*, No. 93-03422, 1994 WL 11726 (N.D. Cal. Jan. 5, 1994) ................................ 15

*Terra Int'l, Inc. v. Miss. Chem. Corp.*, 922 F. Supp. 1334 (N.D. Iowa 1996) ................................ 16

*Terra Int'l., Inc. v. Miss. Chem. Corp.*, 119 F.3d 688 (8th Cir. 1997) ................................ 11

*Univ. of Cal. v. Eli Lilly & Co.*, 21 U.S.P.Q. 2d 1201 (N.D. Cal. 1991) ................................ 11, 20, 21

*Van Dusen v. Barrack*, 376 U.S. 612 (1964) ................................................................ 15

*Volkswagen Aktiengesellschaft v. W. Coast Metric, Inc.*, No. 02-1671, 2004 WL 392942 (S.D. Ind. Feb. 12, 2004) ................................................................ 18

*Wade v. Indus. Funding Corp.*, No. 92-0343, 1992 WL 207926 (N.D. Cal. May 28, 1992) ................................................................ 12

*Ward v. Follett Corp.*, 158 F.R.D. 645 (N.D. Cal. 1994) ................................................................ 9

Federal Statutes

15 U.S.C. § 80a-12(b)(2000) ................................................................................................ 1

15 U.S.C. § 80a-35(b)(2000) ................................................................................................ 1, 8

15 U.S.C. § 80a-36(a)(2000) ................................................................................................ 8

28 U.S.C. § 1404(a) ................................................................................................................ 10

Plaintiffs' and Defendants' Fed.R.Civ.Pro. 26(a) ................................................................ 10

PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER - Case No. C 04 0883 SI

1

State Statutes

2
ICA § 36(b) .................................................................................................... 12

3
Other Authorities

4
15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice
and Procedure § 3854 (2d ed. 1986) .................................................... 6, 14, 20

5
David E. Steinberg, The Motion to Transfer and the Interests of Justice, 66 Notre
Dame L. Rev. 443, 511 (1990) ..................................................................... 16

6
Sabina Crawford, *Franklin on Ice*, The San Francisco Examiner, Jan. 9, 2004 .......................... 21

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER - Case No. C 04 0883 SI

## I.  INTRODUCTION AND BACKGROUND INFORMATION

Plaintiffs instituted suit in this district to avoid needless litigation related to venue. Nonetheless, Defendants have forced this Court to engage in this wasteful, forum shopping exercise.  Defendants have not met (and indeed cannot meet) their heavy burden of establishing that the balance of convenience and fairness weighs in favor of transfer.

The majority of the Defendants[1]—including Franklin Resources, Inc. the ultimate parent company of all the Defendants—are headquartered in San Mateo, California.  On March 4, 2004, Plaintiffs, shareholders of mutual funds created, sold, managed, and advised by Defendants, brought suit against the Defendants in the Northern District of California pursuant to §§ 36(b) and 12(b) of the Investment Company Act of 1940 ("ICA"), as amended, 15 U.S.C. §§ 80a-35(b) and 80a-12(b) (2000).  Plaintiffs allege that Defendants have charged excessive fees and retained economies of scale in violation of their fiduciary duties owed to Plaintiffs and the funds and have accepted excessive and inappropriate compensation pursuant to unlawful distribution plans.   In addition, Plaintiffs have brought several California state law claims.

Defendants' entire motion to transfer this case to the District of New Jersey essentially hinges on one faulty argument—the alleged substantial overlap between this case and the *Miller* case in New Jersey, *Miller v. Franklin Mutual Advisers et al.,* No. 04-3849 JCL.  However, this case and *Miller* involve just a single common mutual fund, the Mutual Shares Fund; this action

---

[1] Defendant Franklin Resources, Inc. ("Franklin Resources") provides investment advisory services to the Funds through its wholly owned subsidiaries Defendants Templeton Global Advisors, LTD. ("Templeton Global"), Franklin Advisory Services, LLC ("Franklin Advisory Services"), Franklin Advisers, Inc. ("Franklin Advisers"), and Franklin Mutual Advisers, LLC ("Franklin Mutual") (collectively "Defendant Advisors"), each of which serve as investment advisers to one or more of the Funds.  Defendant Franklin Templeton Distributors, Inc. ("Franklin-Templeton Distributors") serves as the principal underwriter and distributor for each of Funds and Defendant Franklin Templeton Services, LLC ("Franklin Templeton Services") provides administrative services to the Funds.

involves *five* additional defendants not present in the *Miller* case.  Defendants also gloss over the fact that the Mutual Shares Fund is only one of three funds at issue in *Miller* and only one of *ten* Funds (the "Funds") at issue in this case.  No Venn diagram is necessary to illustrate that there is actually only minimal overlap between the cases.

In this case, the presence of additional, non-overlapping defendants and mutual funds renders consolidation unwarranted.[2]  Indeed, while Defendants in one breath repeatedly harp on the supposed "substantial" overlap between the cases, in another breath they recognize that "the determination as to whether any Fund has paid excessive fees is a unique, fact-specific determination that must be made separately in the case of each Fund and adviser."  Defs.' Mem. in Support of Mot. to Transfer at 5 n.3.  They even go so far as to suggest that severance of the claims against each separate mutual fund may be appropriate.  *See id*.  Accordingly, there would be little to no efficiency gained even if transfer were appropriate, which it is not.

Defendants utterly fail to demonstrate that transfer of this case to the District of New Jersey would inure to the convenience of the parties and witnesses and serve the interests of justice.  Defendants make passing reference to the fact that Franklin Mutual Advisors[3] and Franklin Advisory Services only *two* of *seven* defendants, are located in New Jersey.  Not only is the argument for transfer regarding those defendants tenuous at best, but any argument that transfer would be convenient for the remaining five defendants is utterly ridiculous.

---

[2] As is discussed below, even Defendants concede that consolidation is inappropriate for all but one of the New Jersey actions.  *See infra* p. 6.

[3] With respect to Franklin Mutual Advisors *only*, Defendants have submitted a declaration that merely states that Franklin Mutual Advisors maintains its principal offices in New Jersey and that its employees reside or work there.

PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER - Case No. C 04 0883 SI

- 2 -

## II.  DEFENDANTS HAVE PERVASIVE CONNECTIONS WITH THE NORTHERN DISTRICT OF CALIFORNIA

Defendants' argument that these claims should be litigated in New Jersey is absurd and amounts to forum shopping.  There can be no doubt that Franklin Templeton is based in San Mateo, California.  According to the Franklin Templeton official company website:

> Franklin Resources, Inc., is a global investment management organization known as Franklin Templeton Investments.  Our headquarters are located just south of San Francisco, in San Mateo, California.  We have offices in 28 countries around the world.

Franklin Templeton Investments Company Information, at: http://www.franklintempleton.com/retail/jsp_cm/global_nav/company/company_main.jsp Indeed, Franklin-Templeton is a financial powerhouse with hundreds of billions of dollars under management and with numerous ties to San Mateo, California:

> Franklin Templeton Investments provides global and domestic investment management solutions managed by its Franklin, Templeton, Mutual Series, and Fiduciary Trust investment teams.  The San Mateo, CA-based company has more than 50 years of investment experience and over $347 billion in assets under management as of July 31, 2004.

*See* Ex. 1 (September 1, 2004 Press Release issued by Franklin Templeton Corporate Communications, San Mateo, CA).  In light of documents made available and distributed by Defendants, including SEC Filings, correspondence with shareholders and fund owners, press releases, self promotion, employee recruitment, and Defendants' official website (http://www.franklintempleton.com), there can be no doubt that the Franklin Defendants consider themselves a San Mateo, California-based corporation.  The following exhibits leave no doubt that Franklin-Templeton is based in the Northern District of California:

- Franklin-Templeton is "San Mateo's largest employer."  *See* Ex. 2.
- Franklin Advisers acts as investment advisor to seven of the ten Funds at issue in this case. Franklin Advisers is a registered investment advisor with the State of California

PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER - Case No. C 04 0883 SI

and is a California corporation based in San Mateo.    *See* Declaration of James A. Powers ("Powers Decl.") ¶ 7, attached hereto.[4]

- The Funds themselves have important ties to Franklin's San Mateo headquarters. The registration statements for the Funds, which must be filed with the SEC, indicate that the address of the agent for service is San Mateo and that Funds' books and records are maintained at Franklin's San Mateo Headquarters. *See* Powers Decl. ¶ 9.  These registration statements are signed in San Mateo by David Goss, Associate General Counsel of Franklin, who serves as Vice President of each of the Funds.   *See* Powers Decl. ¶ 9.

- Both Franklin-Templeton Distributors and Franklin Templeton Services maintain their principal places of business at Franklin's headquarters in San Mateo, California. *See* Powers Decl. ¶6.   Franklin-Templeton Distributors has been registered as a broker-dealer with the state of California since 1984. *See* Powers Decl. ¶ 6.  Franklin-Templeton Distributors and Franklin Templeton Services provide distribution, shareholder, and administrative services to the Funds.

- Franklin Templeton Investments markets itself as a "premier global investment management organization headquartered in San Mateo, California" in their employment opportunity postings, using their San Mateo, California location as a selling point when recruiting potential employees.  *See* Ex 3.

- Franklin Resources, Inc., in letters to their Shareholders and Clients, addressing concerns surrounding the investigations by, and ultimately settlement with, the Securities and Exchange Commission pertaining to allegations of market timing, issued their statement from their headquarters in San Mateo, California.   These

---

[4] In addition to the contacts discussed herein, the Powers Declaration sets forth other connections between Franklin-Templeton entities and California.

statements, issued on Franklin Resources, Inc. letterhead, were made on behalf of all defendants. *See* Exs. 4, 5 and 6 (Letters dated 05/14/04, 08/02/04, and 8/27/04).

- On Defendants' official company website, www.franklintempleton.com, they list their company headquarters in San Mateo, California as the point of contact. *See* Ex. 7.

- While promoting themselves in the upcoming Franklin Templeton Shootout, their annual golfing event, Franklin Templeton once again markets itself as a San Mateo, California-based company. Their ad even includes a photo of their San Mateo headquarters. *See* Ex. 8.

Defendants' connections with the Northern District of California are not limited to their retail mutual fund business. In addition to the investment advisory services they provide to the Funds, Defendants have direct relationships with numerous public and private institutional clients located in California. Among others, Defendants provide investment management services to the California Public Employees Retirement System (CALPERS), the University of California-Regents' Endowment Fund, the California State Savings Plus Program, Hewlett Packard, and Sony Pictures Entertainment. Powers Decl. ¶ 10.

Additionally, Franklin Resources, Inc. and Franklin Templeton Services, LLC have *chosen* to file litigation in the Northern District of California.[5] To claim that it is unfair or inconvenient to litigate in this district given the fact that they themselves have chosen to litigate here in the past is indicative of Defendants' dubious motives for wanting a transfer out of this district.

---

[5] *See e.g.*, *Franklin Templeton Services, Inc. v. Calabria*, 00-CV-2642 (N.D. Cal. filed June 15, 2000); *Franklin Resources, Inc. v. The Mutual Discovery Network.com*, LLC, 99-CV-3096 (N.D. Cal. filed June 25, 1999); *Franklin Resources, Inc. v. Coon*, 97-CV-1024 (N.D. Cal. filed Mar. 25, 1997); *Franklin Resources, Inc. v. Franklin Venture Capital, Inc.*, 96-CV-4250 (N.D. Cal. filed Nov. 22, 1996); and *Franklin Resources, Inc. v. Franklin Planning Associates, Inc. et al.*, 94-CV-3909 (N.D. Cal. filed Nov. 8, 1994).

PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER - Case No. C 04 0883 SI

Given that Defendants are headquartered here and have significant business dealings in this district, requiring them to litigate here can hardly be deemed inconvenient or unfair.

## III.  THE EXISTENCE OF LITIGATION IN NEW JERSEY AGAINST *SOME* OF THE DEFENDANTS DOES NOT WARRANT TRANSFER

On the one hand, Defendants' main argument in support of transfer is that other litigation against *some* of the Defendants is pending in New Jersey.  However, on the other hand, Defendants concede that the other litigation is dissimilar and not appropriate for consolidation. Where it is virtually certain that the actions will not be consolidated in the transferee forum, the interests of justice cannot weigh in favor of transfer.

### A.    Defendants concede that most of the New Jersey litigation is too dissimilar for consolidation

"[T]he existence of related cases is not conclusive and other aspects of the case may outweigh this element … and this factor need not be given weight if there is no realistic possibility of consolidating the present case with the related cases. "  *See* 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3854 (2d ed. 1986).   Here, even Defendants concede that all but *one* of the New Jersey actions would not be appropriate for consolidation in the proposed transferee court.   Indeed, Defendants have already voiced their intent to object to consolidation of the "other New Jersey actions" [6] should this action be transferred:

> While parallels between this action and *Miller* are striking, defendants do not necessarily view consolidation as appropriate with respect to any other action in light of the differences between the remaining actions and the instant case.   Defendants thus reserve all rights and objections with respect to any efforts to consolidate this case with any other action, and believe that any decisions on consolidation should be left until after transfer.

Def. Br. at 6, n. 5.   Plaintiffs agree that, "in light of the differences," consolidation is not appropriate.  *Linear Tech. Corp. v. Analog Devices, Inc.*, No. 94-3988, 1995 WL 225672, at *4

---

[6] Plaintiffs refer to the New Jersey actions other than *Miller* as the "other New Jersey actions."

(N.D. Cal. Mar. 10, 1995) (holding that because there was no "meaningful overlap between the vast majority of the matters", consolidation was not feasible).

Furthermore, consolidation of this action with the "other New Jersey actions" is not inappropriate for the additional reason that the lead attorneys in those actions, namely attorneys from the law firm of Milberg Weiss,[7] suffer from a disqualifying conflict of interest.  These attorneys have appeared as counsel for plaintiffs against the Franklin-Templeton mutual funds in at least three pending cases[8] alleging market timing and related allegations (the "Market Timing Cases").[9]  **In each of these Market Timing Cases, Milberg Weiss and its associated counsel are suing the very same mutual funds on whose behalf these actions are purportedly being brought – presenting a clear conflict of interest.**  *See* Affidavit of Professor Robert H. Aronson ("Aronson Affidavit").[10]  This conflict is palpable and unwaveable.

---

[7] *See* Pretrial Orders 1 and 2 dated 7/23/04 and 8/23/04 in *Steven R. Alexander IRA v. Franklin Resources, Inc.,* No. 04-982 (D.N.J. filed Mar. 2, 2004) Consolidating the New Jersey cases and appointing Milberg Weiss Lead Counsel in these cases, attached hereto as Exs. 9 and 10.

[8] *See Fischbein v. Franklin Age High Income Fund,* No. 04-0584 (N.D. Cal.), *Beer v. Franklin Age High Income Fund,* No. 04-249 (M.D. Fla.), *D'Alliessi v. Franklin Age High Income Fund,* No. 04-865 (N.D. Cal.)  Copies of the complaints in *Fischbein, Beer,* and *D'Alliessi* are attached respectively as Exs. 11, 12 and 13.  Those cases have recently been transferred to the District of Maryland pursuant to an MDL Order that has consolidated all market timing cases in that District.  It is instructive to note that two of the three cases were filed in the Northern District of California.

[9] In the Market Timing Cases, the plaintiffs allege that defendants – including Franklin Templeton Mutual Funds – engaged in a fraudulent scheme which was intended to benefit Franklin Templeton, involving the "timing" of mutual funds.  "Timing" is an investment technique involving short-term, "in and out" trading of mutual fund shares.  The technique is designed to exploit inefficiencies in the way mutual fund companies price their shares.  "Timing" is widely acknowledged to inure to the detriment of long-term shareholders.  Because of this detrimental effect, mutual find prospectuses typically state that timing is monitored and that the funds work to prevent it.  However, as alleged in the Market Timing Cases, in return for investments that would increase Franklin Templeton's fees, the Franklin Templeton funds and Franklin Templeton entered into undisclosed arrangements which permitted market timing.

[10] The *Strigliabotti* Plaintiffs do not dispute that Milberg Weiss may be adequate to bring class claims in the Market Timing Cases.  However, these same attorneys cannot represent plaintiffs in derivative actions on behalf of the same funds that they are suing in the Market Timing Cases.  Simply put, the attorneys cannot represent conflicting class and derivative interests.  Aronson Affidavit, ¶¶ 3-6; *Hawk Indus., Inc. v. Bausch & Lomb, Inc.,* 59 F.R.D. 619, 623-24 (S.D.N.Y. 1973) (when law firm is counsel to derivative plaintiff, it cannot furnish adequate representation to legal interests of plaintiff class); *Koenig v. Benson,* 117 F.R.D. 330, 334 (E.D.N.Y. 1987), quoting *Stull v. Baker,* 410 F. Supp. 1326, 1336-37 (S.D.N.Y. 1976).  *See also Bertozzi v. King Louie Int'l., Inc.,* 420 F. Supp. 1166, 1179 (D.R.I. 1976) ("there is a substantial question as to whether the attorneys for the Freed plaintiffs can represent them in the derivative suit and the class action without violating the Canons of Ethics").

1    Moreover, the New Jersey Plaintiffs have no standing to sue on behalf of most of the

2 Funds in this case.  First, under Section 36(a) of the Investment Company Act of 1940, 15 U.S.C.

3 § 80a-36(a)(2000), the New Jersey Plaintiffs lack standing to sue on behalf of funds they do not

4 own,[11] including over 100 of the funds in the Franklin-Templeton Funds Complex that they

5 name as nominal defendants in their complaints.  Significantly, this includes eight of the ten

6 funds owned by the Plaintiffs in this case. In fact, the only funds belonging to plaintiff

7 shareholders that overlap in this case and other New Jersey actions are: the Mutual Shares Fund

8 and the Franklin Income Fund.

9    Based on the foregoing, the existence of the New Jersey actions should not be relevant to

10 this Court's transfer determination. As such, Defendants' argument boils down to the existence

11 of one case pending in New Jersey, the *Miller* action.

12    **B.    The first-to-file rule mandates against transfer to New Jersey.**

13

14    The existence of the *Miller* action in New Jersey does not weigh in favor of transfer.

15 First, as stated at the outset, this case and the *Miller* case only minimally overlap thereby

16 rendering consolidation inappropriate.  *See supra* pp. 2-3.  Second, even to the extent they do

17 overlap, i.e., with regard to the Mutual Shares Fund, this action should proceed in this district

18 because it was filed first.[12]   "When two actions involving similar parties and issues are

19  [11] "Pursuant to 15 U.S.C. § 80a-35(b), plaintiffs do not have standing to bring a § 36(b) claim on behalf of

20 investment companies other than the Funds in which they are security holders." *Green v. Nuveen Advisory Corp.*,
   186 F.R.D. 486, 493 (N.D. Ill. 1999); *Olesh v. Dreyfus Corp.*, No. 94-1664, 1995 WL 500491, at *20 (E.D.N.Y.

21 Aug. 8, 1995) (rejecting plaintiffs' efforts to maintain action under §36(a) not only on behalf of funds owned by
   plaintiffs, but on behalf of "the Dreyfus family of funds"); *Dandorph v. Fahnestock & Co.*, 462 F. Supp. 961, 965

22 (D. Conn. 1979) ("plaintiff who does not hold stock in the investment company lacks standing to sue under the
   Investment Company Act"). Even in the class context, courts have held that plaintiffs lack standing to maintain

23 class claims on behalf of purchasers of mutual funds other than the mutual fund which the plaintiffs actually own.
   *See Spira v. Nick*, 876 F. Supp. 553, 562 (S.D.N.Y. 1995) (plaintiff does not have standing to seek relief on behalf

24 of the investors in the entities in which he does not claim an interest).

25  [12] The first-to-file rule is not applicable to the "other New Jersey actions" because there is, as Franklin concedes,
   insufficient similarity of issues which renders consolidation inappropriate.  *See supra* p.8. Three of the five other

26 dissimilar actions were filed over two months after the *Strigliabotti*, one was filed on the same day as the
   *Strigliabotti* action, and one was filed only two days prior to the filing of the *Strigliabotti* action.  *See* Def's Br. at

PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER - Case No. C 04 0883 SI

commenced in separate forums, a court may exercise its discretion under § 1404(a) to transfer one of the actions…In doing so, preference is given to the first-filed plaintiff's choice of forum under the 'first-to-file' rule." *Guthy-Renker Fitness, LLC v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 269 (C.D. Cal. 1998) (citing *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625-26 (9th Cir. 1991) (other citations omitted). *See also Applied Vision Inc., v. Optical Coating Lab., Inc.*, No. 97-1233, 1997 WL 601425, at *2 (N.D.Cal. 1997) ("Generally, claims should be adjudicated in the forum of the first-filed action, absent countervailing interests in justice and convenience.") (citation omitted).

As courts in this Circuit have recognized, "unless compelling circumstances justify departure from the rule, the first-filing party should be permitted to proceed without concern about a conflicting order being issued in the later-filed action." *Guthy-Renker,* 179 F.R.D. at 269 (citing *Ward v. Follet Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994)) . The *Strigliabotti* Plaintiffs filed this action on March 4, 2004. *Id.* at 270 (noting that under the first-to-file rule "the court should employ the date on which the original, rather than the amended , complaint was filed") (citing *Ward*, 158 F.R.D. 645 at 648). *Miller* was filed on April 16, 2004. Thus, *Strigliabotti* is unquestionably the "first filed action."

The first-to-file rule should only be disregarded in light of equitable factors such as forum shopping, bad faith, and or if the balance of convenience weighs in favor of the later filed action. *See id.* (citing *Alltrade*, 946 F.2d at 625-26). In this case, there is no evidence of forum shopping or bad faith on the part of the Plaintiffs because they logically chose a district where the majority of the defendants are headquartered and, as discussed below, the convenience of the witnesses, parties, and access to sources of proof all favor the Northern District of California as a forum.

---

3. The case law makes clear that in determining whether to apply the first-to-file rule, there must be similarity of the issues. *See Guthy-Renker Fitness, LLC v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 270 (C.D. Cal. 1998) (citing *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625-26 (9th Cir. 1991) and *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994). Accordingly, the date of filing of the other action is irrelevant.

Because this action is the first-filed case, and because no exceptions to the first-filed rule are present, Plaintiffs are entitled to proceed in this forum, and this Court should refuse to transfer the action. *Bryant v. Oxxford Express, Inc.*, 181 F. Supp. 2d 1045 (C.D. Cal. 2000) (denying motion to transfer based on the first-to-file rule where same parties were implicated and both actions involved same issues and balance of conveniences did not justify departure from first-to file rule); *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 555-56 (S.D.N.Y. 2000) (neither balance of conveniences nor other special circumstances justified departure from the first-to-file rule).

## IV.  THE BALANCE OF CONVENIENCES WEIGHS HEAVILY AGAINST TRANSFER OF VENUE UNDER SECTION 1404(a)

Under 28 U.S.C. § 1404(a), the moving party bears the "burden of showing that the balance of conveniences weighs **heavily** in favor of the transfer in order to overcome the **strong presumption in favor of the plaintiff's choice of forum**."[13]  *Royal Queentex Enters. Inc. v. Sara Lee Corp.,* No. 99-4787, 2000 WL 246599, at *2 (N.D. Cal. Mar. 1, 2000) (citing *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir. 1986) (emphasis added); *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255-56 (1981)).  Where Plaintiffs choose a forum that is the Defendants' principle place of business, corporate headquarters, and residence of 34 potential witnesses,[14] that burden becomes Herculean.

Defendants must demonstrate that the transfer benefits the convenience of the parties and witnesses and is in the interests of justice. *Royal Queentex,* 2000 WL 246599, at *2 (citing *Guthy-Renker,* 179 F.R.D. at 269 (citing *Arley v. United Pac. Ins. Co.,* 379 F.2d 183, 185 (9th Cir. 1967))).  The Ninth Circuit has set forth several considerations that can be used in weighing these factors:

---

[13] As a threshold matter, "the moving party must show that the forum to which they seek transfer is a forum in which the action originally might have been brought."  *Royal Queentex Enters. Inc. v. Sara Lee Corp.,* No. 99-4787, 2000 WL 246599, at *2 (N.D. Cal. Mar. 1, 2000) (citing *Hoffman v. Blaski,* 363 U.S. 335, 344 (1960)).  Franklin has made no showing that venue is proper as to all defendants in New Jersey.

[14] *See* Plaintiffs' and Defendants' Fed.R.Civ.Pro. 26(a) Disclosures, attached hereto as Exs. 14 and 15.

PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER - Case No. C 04 0883 SI

1.      Plaintiff's choice of forum,

2.      Convenience of the parties,

3.      Convenience of the witnesses,

4.      Ease of access to the evidence,

5.      Familiarity of each forum with the applicable law,

6.      Feasibility of consolidation of other claims,

7.      Any local interest in the controversy, and

8.      The relative court congestion and time of trial in each forum.

*Id.* at *2 (citing *Decker Coal,* 805 F.2d 834 at 843; *Linear Tech. Corp. v. Analog Devices, Inc.,* No. 94-3988, 1995 WL 225672, at *1 (N.D. Cal. Mar. 10, 1995); *Teknekron Software Sys., Inc., v. Cornell Univ.,* No. 93-20122, 1993 WL 215024, at *7 (N.D. Cal. June 14, 1993); *Univ. of Cal. v. Eli Lilly & Co.,* 21 U.S.P.Q. 2d 1201, 1207 (N.D. Cal. 1991)).   "When a plaintiff has selected a forum that clearly meets the general venue requirements, as is the case here, a transfer should be ordered only when, after considering all the pertinent factors, the balance clearly tips in favor of the transfer." *Linear Tech.*, 1995 WL 225672, at *1.  *See also Terra Int'l., Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

Here, the balance of these factors clearly tips *against* transfer.

**A.      Plaintiffs' choice of forum is entitled to deference**

A plaintiff's choice of forum should be given considerable weight in a § 1404(a) analysis. As is logically the case in a derivative action brought on behalf of several multi-billion dollar mutual funds, shareholders are scattered throughout the country.   Contrary to Defendants' assertion, however, the fact this is a derivative action does not mean that Plaintiffs' choice of forum is not entitled to deference.

First, and perhaps most importantly, according less weight to a plaintiff's choice of forum with respect to a claim under § 36(b) of the ICA undermines the remedial purpose of the statute.

While § 36(b) is derivative in nature (in that any recovery under § 36(b) ultimately goes to the mutual fund), the procedural requirements of Fed. R. Civ. P. 23.1 are inapplicable to a claim under § 36(b).  *See Daily Income Fund, Inc. v. Fox*, 464 U.S. 523, 542 (1984).  In fact, a mutual fund has no right to pursue a claim under § 36(b) on its own behalf.  *Id.* at 535, 542.  Rather, a shareholder of a mutual fund is specifically given the right to enforce the fiduciary duty imposed on an investment adviser by § 36(b) without making demand upon the mutual fund or its directors.  Indeed, the Supreme Court has specifically recognized that this "express provision for actions by security holders . . . serve[s] the statute's 'broad remedial purpose.'"  *Id.* at 541.  It makes little sense to empower a mutual fund shareholder with such a broad remedial right of action but then require him to go halfway across the country to enforce it.  Accordingly, in the context of a claim under ICA § 36(b), a plaintiff's choice of forum should be given great weight.

Second, Defendants' proposition that a plaintiff's choice of forum in a derivative case is entitled to less weight is not uniformly followed, and courts have accorded a plaintiff's choice of forum great weight in class actions and derivative cases.  *See Wade v. Indus. Funding Corp.*, No. 92-0343, 1992 WL 207926, at *3  (N.D. Cal. May 28, 1992) (declining to disregard plaintiffs' choice of forum in a shareholder derivative action and noting that "the Ninth Circuit has accorded substantial weight to the plaintiffs' choice of forum where there are significant contacts with the forum and the issues raised in the litigation relate to those contacts.") (citing  *Sec. Investor Protector Corp. v. Vigman*, 764 F.2d 1309 (9th Cir. 1985)). Moreover, in upholding the plaintiff's choice of forum in a class action securities case, the District of Delaware stated: "a 'plaintiff's choice of a proper forum is a paramount consideration in *any* determination of a transfer request,' … and the burden remains *at all times* on the defendants to show that the balance of convenience and the interests of justice weigh strongly in favor of transfer."  *In re ML-Lee Acquisition Fund II, L.P.*, 816 F. Supp. 973, 975-76 (D. Del. 1993) (emphasis added) (citations omitted).

1    Third, though the Northern District of California is not Plaintiffs' home forum, this case

2 has far more than a superficial link to this district. Plaintiffs' choice to sue Franklin on its home

3 turf should be given substantial weight because it is based in logic and on convenience. *See, e.g.*,

4 *Miller v. Consol. Rail Corp.*, 196 F.R.D. 22, 25 (E.D. Pa. 2000) (refusing to give reduced

5 deference to plaintiff's choice forum and noting that defendant "overlooks the most obvious link

6 between [the plaintiff], his case, and this district: [Defendant] maintains its business headquarters

7 here"); *AT&T Corp. v. PAB, Inc.*, 935 F. Supp. 584, 592-93 (E.D. Pa. 1996) (noting that

8 Defendants would not be prejudiced by proceeding in the Eastern District of Pennsylvania

9 because they were Pennsylvania corporations with their principal places of business in the

10 Eastern District of Pennsylvania); *Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.*, 821

11 F. Supp. 962, 965 (D.Del. 1993) (noting that the fact that defendant "incorporated in Delaware

12 should not be disregarded lightly … [Defendant] chose Delaware as its legal home and should

13 not now complain that another corporation has decided to sue [it] in Delaware.").[15]    Indeed,

14 Franklin's close ties with San Mateo, California are precisely why the *Strigliabotti* Plaintiffs

15 chose the Northern District of California as their forum. *See Home Indem. Co. v. Stimson*

16 *Lumber Co.*, 229 F. Supp. 2d 1075, 1085-86 (D. Or. 2001) (affording plaintiffs' choice of forum

17 weight and noting that "[c]learly it is difficult to argue that Oregon, home to Stimson, is a

18 manifestly unfair forum for it to be required to conduct this litigation").

19    Fourth, activities giving rise to the claims at issue in this litigation occurred in this

20 district.  Plaintiffs allege that Defendants have received excessive fees pursuant to their advisory

21 agreements and unlawful distribution plans with the Funds.  Given that Franklin Advisers,

22 investment advisor to seven of the Funds, is headquartered in San Mateo, it is likely that its

23 advisory agreements with the Funds are drafted, negotiated, and/or executed in San Mateo.

24 Moreover, at least for the seven funds advised by Franklin Advisers, it is self-evident the

25

26 ───────────────
[15] Although Franklin Resources is incorporated in Delaware, not California, the same reasoning should apply to the
forum in which a corporation chooses to maintain its principal place of business.

PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER - Case No. C 04 0883 SI

investment advisory services (such as portfolio management) provided to the Funds occurred at least in part in San Mateo and that the advisory fees were paid to Franklin Advisers at its headquarters in San Mateo.  Similarly, because Franklin-Templeton Distributors is also located in San Mateo, the 12b-1 fees it receives from Plaintiffs and the Funds were likely calculated and paid there.

Given that Defendants are headquartered in this district and numerous events given rise to these claims necessarily occurred here, Plaintiffs' choice makes sense and should be accorded weight.   *See id.* (giving plaintiffs' choice of forum some weight where one defendant was located there and ultimate issues in the case related to insurance coverage for policies issued there).

**B.    The convenience of the parties and witnesses weighs in favor of the Northern District of California because Defendants are headquartered here and the vast majority of the witnesses are located here.**

**1.    Parties**

A transfer of venue is not warranted when transfer is not convenient for all of the parties. *See* 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3849 (2d ed. 1986)  ("[W]hen transfer would be more convenient for one defendant, but less convenient for another defendant, plaintiff's choice of forum has been sustained.").  In the case at hand, Defendants have simply failed to meet their burden of establishing that a transfer of venue to the District of New Jersey would be convenient for *all* of the parties.

**(a)    Defendants**

Defendants' argument that New Jersey is a more convenient forum should be rejected out of hand where it has shown, at most, that *two* of the Defendants have significant ties to New Jersey.  As to Franklin Mutual *only*, Defendants have submitted a declaration which states that Franklin Mutual and its employees are located in New Jersey, not California.  *See* Winters Decl. ¶ 2.  As to Franklin Advisory Services, Defendants merely make a passing reference to the fact that it is based in New Jersey.   *See* Def. Br. at 4, 8.  Defendants have made *absolutely no*

PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER - Case No. C 04 0883 SI

- 14 -

*showing* as to the other *five* Defendants' connections with New Jersey, except for generally stating that other litigation is pending there against *some* of the Defendants.

"Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack*, 376 U.S. 612, 645-46 (1964). While ostensibly it may be more convenient for two of the seven Defendants to litigate in New Jersey, a transfer of venue would be *more* inconvenient for the four defendants that are headquartered in the Northern District of California.[16]   As this Court has stated: "[i]f the gain to convenience to one party is offset by the added inconvenience to the other, the courts have denied transfer of the action." *STX, Inc. v. Trik Stik, Inc.*, 708 F. Supp. 1551, 1556 (N.D. Cal. 1998).  *See also Tenekron Customer Info. Solutions, Inc. v. Watkins Motor Lines, Inc.*, No. 93-03422, 1994 WL 11726, at *2 (N.D. Cal. Jan. 5, 1994) (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834,843 (9th Cir. 1986)).   At most, transfer would shift the inconvenience to the other parties—precisely what courts seek to avoid with transfers under § 1404(a).

Defendants' claim that a forum other than its residence is convenient should be disregarded.  *Dwyer v. Gen. Motors Corp.,* 853 F. Supp. 690, 694 (S.D.N.Y. 1994) (denying motion to transfer where defendant sought to transfer to a forum other than its principal place of business).  As noted by law professor David E. Steinberg:

> [I]f the plaintiff files suit in his district of choice, the defendant may move for a transfer to the district where its principal place of business is located. The plaintiff has no certainty of defeating such a motion.  Even if a district judge eventually denies the transfer motion, the plaintiff will suffer the expense and delay that accompanies transfer litigation.  **The plaintiff is certain to avoid such expense and delay only by filing suit where the defendant maintains its principal place of business.   Only in this**

---

[16] Templeton Global Advisors maintains its principal place of business in the Bahamas. *See* Ex. F to Powers Declaration.  However, as noted, Templeton Global maintains its books and records in San Mateo. *See* Powers Decl. ¶ 7.  As such, litigating in San Mateo, where its ultimate parent and records are located, is likely more convenient for Templeton Global as well.

**situation will a defendant be unable to file a transfer motion asserting that an alternative district is more convenient.**

David E. Steinberg, The Motion to Transfer and the Interests of Justice, 66 Notre Dame L. Rev. 443, 511 (1990) (emphasis added).  The bottom line is that if it is convenient for Defendants to maintain their headquarters in this district, it should be convenient for them to litigate here.  *See Home Indemnity*, 229 F. Supp. 2d at 1085-86.

There can be little doubt that it is more convenient for Defendants' employees to litigate in the Northern District of California, where the majority of them live and work.[17]  Seven of the twelve witnesses identified by Defendants are Franklin Templeton officers or employees.  Of these seven potential witnesses, five are located in San Mateo and only two are located in New Jersey.[18]

In their initial disclosures, Plaintiffs identified over 50 individuals likely to have discoverable information.  All but six of these individuals (the Plaintiffs in this action) are believed to be employees or officers of the Defendants.  *See* Ex. 14.  Thirty-four of these potential party witnesses are located in San Mateo, California.  *See id.*  Thus, the overwhelming majority party witnesses are located in the Northern District of California, not in New Jersey.

Even for those party witnesses located outside of California, as this Court well knows, trials are typically attended by trial counsel with witnesses appearing for short intervals and with as little scheduling inconvenience as possible.  The notion that the few Franklin employees not already located at the headquarters in San Mateo may have to attend trial at any given time, and that their attendance would have any noticeable impact on Defendants' business, is simply not based in reality.  Moreover, Defendants' officers and employees are surely sophisticated business people who, in all likelihood, are frequently required to travel for work but are fully

---

[17] The convenience of party witnesses is properly analyzed under the convenience-of-the-parties factor.  *See, e.g., Terra Int'l, Inc. v. Miss. Chem. Corp.*, 922 F. Supp. 1334 (N.D. Iowa 1996).

[18] Plaintiffs note that in their initial disclosures, Defendants listed a San Mateo "work address" for all twelve witnesses. *See* Ex. 15.

PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER - Case No. C 04 0883 SI

capable of communicating with their offices and ensuring that their businesses run smoothly in their absence.

Defendants' argument that the New Jersey litigation makes it inconvenient for it to litigate on its home turf should also be rejected.   First, not all of the Defendants in this case have been sued in New Jersey.   Second, it is unlikely that, for purposes of pretrial discovery, Defendants' officers and employees (and non-parties) will be required travel to New Jersey.  It is more likely the vast majority of pretrial depositions in this action and in the New Jersey actions will take place at Defendants' headquarters or where the deponent is otherwise located. Moreover, since there is minimal overlap between this action and the other New Jersey actions, it is unlikely that the discovery would overlap such that it could be effectively coordinated. The same is true of the *Miller* action; with only two common defendants, much of the discovery in this case would not overlap at all.  Although Franklin attempts to paint a picture of Defendants' officers and employees crisscrossing back and forth from New Jersey and California for purposes of this litigation, it knows that this is an unlikely scenario.

### (b)    Plaintiffs

With regard to the Plaintiffs, none live in or near the District of New Jersey.  On the other hand, two plaintiffs reside in the West (one in California and one in Arizona).   The other plaintiffs reside in Florida.   Particularly with regard to the California and Arizona plaintiffs, the Northern District of California is clearly more convenient than New Jersey.

### 2.    Witnesses

"To demonstrate inconvenience, the moving party 'should produce information regarding the identity and location of the witnesses, the content of their testimony, and why such testimony is relevant to the action. … The Court will consider not only the number of witnesses located in their respective districts, but also the nature and quality of their testimony."  *Royal Queentex Enters. Inc. v. Sara Lee Corp.*, No. 99-4787, 2000 WL 246599, at *6 (N.D. Cal. Mar. 1, 2000) (quoting *Steelcase, Inc. v. Haworth*, 41 U.S.P.Q.2d 1468, 1470 (C.D. Cal. 1996)); *see*

*also Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1092-93 (N.D. Cal. 2002). Defendants have only identified five potential non-party witnesses, some of the independent directors of the Funds.

First, Plaintiffs note that although Defendants have now provided alternative addresses, in its initial disclosures, Defendants listed the "work address" of each of these individuals as being "in care of" Franklin Templeton at its San Mateo, California address. Second, though it notes that all but one of these nonparty witnesses are subject to the subpoena power of the New Jersey court, Franklin does not suggest that *any* of these non-party witnesses would be unwilling to appear for trial without a subpoena. *See Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 562 (S.D.N.Y. 2000) (noting that Citigroup "neglected to indicate whether [a] witness would be unwilling or unable to testify in West Virginia without a subpoena—and it is certainly possibly that he would be more than an ordinary third-party witness because he is a former employee"). Nor do Defendants assert that assert that any of these would be unable to travel to California for purposes of this litigation.   *See Royal Queentex,* 2000 WL 246599 at *7 (noting that, among other things, Sara Lee "does not even assert that their witnesses would be unable to travel to California to defend suit here").    Defendants completely fail to mention that, as independent directors for some of the Funds, these "non-party" witnesses are actually closely affiliated with Franklin.  *See Volkswagen Aktiengesellschaft v. W. Coast Metric, Inc.*, No. 02-1671, 2004 WL 392942 (S.D. Ind. Feb. 12, 2004) (noting that availability of non-party witnesses did not weigh in favor of transfer where "all or nearly all of the non-party witnesses the parties have identified are very closely affiliated with the side that will call them to testify").  In truth, these Fund directors have a vital interest in the outcome of this case and will willingly testify to protect that interest.  *See In re ML –Lee Acquisition Fund II, L.P.*, 816 F. Supp. 973, 978 (D. Del. 1993) ("Defendants are not likely to encounter problems obtaining the testimony of witnesses from [certain entities], given the [relationship between the funds and the entities].").  Defendants

simply have not met their heavy burden of demonstrating inconvenience with respect to these non-party witnesses.   As such, this factor does not weigh in favor of transfer.

### C.      Ease of Access to the Evidence

The majority of the documentary evidence is located at Defendants' San Mateo headquarters, weighing in favor of litigating in the Northern District of California. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000) (finding that district court did not abuse its discretion in denying defendant's motion to transfer where, among other things, the extent of the parties' contacts with Pennsylvania and California clearly favored California, more of the relevant witnesses and other sources of proof were located in California, and the vast majority of agreements underlying claims were negotiated and executed in California).   Certainly, documents in the possession of Franklin Resources, Franklin Advisers, Franklin-Templeton Distributors, and Franklin Templeton Services, all of which maintain their principal places of businesses in San Mateo, are kept there.   Even Franklin Mutual, Franklin Advisory Services, and Templeton Global maintain their books and records at Franklin's headquarters in San Mateo, California.   Power Decl. ¶ 7.   Finally, the books and records for the Funds are also maintained in San Mateo.   Power Decl. ¶ 9.   Though Defendants likely have voluminous records related to these claims, the Plaintiffs, by contrast, have relatively few.   In short, virtually *all* relevant documents are located in the Northern District of California.

This factor weighs heavily in favor of litigating in this district.

### D.      Familiarity of each Forum with the Applicable Law

Plaintiffs agree that both federal courts are equally capable of applying the Investment Company Act to Plaintiffs' claims.   However, Plaintiffs in this case also have brought several state law claims against Franklin Templeton.   A federal court sitting in California is more likely to be familiar with California state law than a federal court sitting in New Jersey.

Thus, this factor weighs in favor of litigating in this district.

PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER - Case No. C 04 0883 SI

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**E.      Feasibility of Consolidation**

In an attempt to disguise their blatant attempts at forum shopping, Defendants focus in large part on just one of the eight factors noted above, feasibility of consolidation of other claims, to argue that transfer is warranted here because of the existence of other litigation against *some* of the Franklin Defendants in New Jersey.  However, while the possibility of consolidation may be considered by the Court, that factor alone should be not determinative.  *Cianbro Corp. v. Curran-Lavoie, Inc*., 814 F.2d 7, 11 (1st Cir. 1987); *Int'l. Bhd. of Painters & Allied Trades Union v. Best Painting and Sandblasting Co., Inc.,* 621 F. Supp. 906 (D.C. 1985) (declining to transfer a case to another jurisdiction where a related case was pending). Indeed, California courts repeatedly note that consolidation is just one of many factors to consider when deciding a motion to transfer, not the determining factor.  *Royal Queentex,* 2000 WL 246599, at *2 (citing *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir. 1986); *Linear Tech. Corp. v. Analog Devices, Inc.,* No. 94-3988, 1995 WL 225672, at *1 (N.D. Cal. Mar. 10, 1995)); *Teknekron Software Sys., Inc., v. Cornell Univ.,* No. 93-20122, 1993 WL 215024, at *7 (N.D. Cal. June 14, 1993); *Univ. of Cal. v. Eli Lilly & Co.,* 21 U.S.P.Q. 2d 1201, 1207 (N.D. Cal. 1991)).   Indeed, "this factor need not be given weight if there is no realistic possibility of consolidating the present case with the related case."  *See* Charles Alan Wright, Arthur R. Miller & Edward H. Cooper § 3854 (2d ed. 1986) .

As discussed above, consolidation is not appropriate with *any* of the New Jersey actions. Thus, this factor does not weigh in favor of transfer.

**F.      Local interest in the Controversy**

California clearly has an interest in this litigation where Franklin has harmed California residents by collecting excessive fees from Fund shareholders in violation of federal and state law.  That California's interest is significant is made clear by the fact that the California Attorney General's office has recently launched an investigation into whether Franklin Templeton has defrauded its mutual fund investors.  *See* Sabina Crawford, *Franklin on Ice*, The San Francisco

Examiner, Jan. 9, 2004, attached as Ex. 16; *see also* Ex. 17.  As Attorney General Bill Lockyer stated recently, "The working men and women and retirees of California have the right to be fully informed when they make investment decisions that affect their lives and futures." *Id.*

Moreover, as noted above, Franklin-Templeton Distributors and Franklin Advisers are registered in the State of California as a broker-dealer and an investment advisor, respectively. Powers Decl. ¶ 6, 7.   The courts in California, including the Federal District Court for the Northern District of California, have a vital interest in regulating broker-dealers and advisors that are doing business in California as well as protecting California residents from illegal conduct.

Finally, as discussed above, a majority of the Defendants are located in this district and conduct substantial business here. Indeed, Defendants are the largest employer in San Mateo. On the other hand, the two New Jersey-based defendants, Franklin Mutual Advisors and Franklin Advisory Services, are merely wholly owned subsidiaries of San-Mateo-based Franklin Resources through which Franklin Resources performs a fraction of its overall investment management services.   In light of Defendants' substantial presence in this State, California clearly has a greater interest in this controversy.   *See, e.g., Miller v. Consol. Rail Corp.*, 196 F.R.D. 22, 27 (E.D. Pa. 2000) (noting that the court was "unconvinced that citizens of [the] district are completely disinterested in the alleged liability of one of its own corporate citizens"). Indeed, to allow transfer would permit Defendants to escape accountability in its home forum.

This factor also weighs in favor of litigating in this district.

### G.      Relative Docket Congestion

Plaintiffs agree with Defendants that docket congestion should be considered by the Court.       However,   in   the   most   recent   caseload   profile,   located   online   at http://www.uscourts.gov/judbus2003/appendices/c10.pdf, attached hereto as Ex. 17, Plaintiffs note that the median time from filing to disposition of civil cases is 33.8 months in the District of New Jersey, versus 30.3  months here. Defendants provided no meaningful date or citation whatsoever for their very different statistics.   At any rate, since the Northern District of

PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER - Case No. C 04 0883 SI

California faces less docket congestion than does the District of New Jersey, this factor weighs in favor of litigating in this district.

## V.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Transfer should be DENIED.

LOVITT & HANNAN, INC.

Dated: September 10, 2004

By:  _____/s/ Ronald Lovitt_____
Ronald Lovitt, Bar No. 040921
J. Thomas Hannan, Bar No. 039140
Henry I. Bornstein, Bar No. 75885
900 Front Street, Suite 300
San Francisco, California  94111
(415) 362-8769
Fax:  (415) 362-7528

Lynn Lincoln Sarko, *pro hac vice*
Michael D. Woerner, *pro hac vice*
Gretchen F. Cappio, *pro hac vice*
KELLER ROHRBACK, L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
(206) 623-1900
Fax: (206) 623-3384

Gary Gotto, Bar No. 007401, *pro hac vice*
Ron Kilgard, Bar No. 005902, *pro hac vice*
KELLER ROHRBACK P.L.C.
National Bank Plaza
3101 North Central Avenue, Ste. 900
Phoenix, AZ  85012
(602) 248-0088
Fax: (602) 248-2822

Michael J. Brickman, *pro hac vice*
James C. Bradley, *pro hac vice*
Nina H. Fields, *pro hac vice*
RICHARDSON, PATRICK, WESTBROOK &
BRICKMAN, LLC
174 East Bay Street
Charleston, SC  29401
(842) 727-6500
Fax: (842) 727-3103

PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER - Case No. C 04 0883 SI

Guy M. Burns
Jonathan S. Coleman
Becky Ferrell-Anton
JOHNSON, POPE, BOKOR, RUPPEL & BURNS, L.L.P.
100 North Tampa Street, Ste. 1800
Tampa, FL  33602
(813) 225-2500
Fax: (813) 223-7118

***Counsel for Plaintiffs***