IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN STRIGLIABOTTI, et al. | No. C 04-00883 SI |
| Plaintiffs, | **ORDER RE: DISCOVERY DISPUTE** |
| v. | |
| FRANKLIN RESOURCES, INC., et al., | |
| Defendants. | |

The parties have filed letter briefs regarding a pending discovery dispute.[1] Plaintiffs seek an order compelling defendants immediately to produce all documents responsive to plaintiffs' first request for production of documents.

Defendants have refused to produce any documents, and have raised numerous grounds for their refusal. As a general matter, defendants state that "once the parameters of the case become clear," they will produce responsive discovery. The Court's November 9, 2005 order denied defendants' motion for judgment on the pleadings on plaintiffs' federal and state claims, and thus to the extent defendants refused to produce documents because that motion was pending, those objections are now moot.

Defendants also object that unless and until plaintiffs' state law claims are certified, defendants should only be required to produce discovery relevant to plaintiffs' federal claims. The Court agrees that whether the state law claims are certified will likely bear on whether discovery regarding the state law claims is burdensome and disproportionate. Accordingly, at this time, the Court orders defendants to produce only those documents that are relevant to the federal claims. The parties shall meet and confer regarding the scope of such discovery.

---

[1] The letter briefs are found at Docket Nos. 139 and 141.

After the class certification motion is decided, plaintiffs may renew their motion to compel if necessary.

Defendants also object to the 15 year time period covered by the discovery request, contending that discovery should be limited to the 1 or 4 year damages periods allowed by federal or state law. Plaintiffs argue that documents covering the longer time period are relevant to showing how the Funds, and consequently the advisory fees, have grown over time, as well as whether those fees are excessive. The Court agrees with plaintiffs that some documents predating the damages periods are likely to lead to the discovery of admissible evidence. However, the Court is also mindful of the defendants' concerns regarding burden. Accordingly, the Court limits plaintiffs' requests for production of documents to documents dating back to January 1, 1995.

Defendants raise a similar objection to the fact that plaintiffs' discovery is directed at all of the funds in the Franklin Complex rather than just the eight funds mentioned in the Third Amended Complaint. Plaintiffs have not addressed this issue in their letter brief. Based upon the record before the Court, the Court concludes that the burden associated with producing documents for the approximately 100 funds in the Complex outweighs the probative value of these documents, and accordingly at this time defendants are not required to produce documents related to funds other than the 8 funds mentioned in the complaint.

Finally, defendants state that they have raised a number of other objections that have not been addressed by plaintiffs through the meet and confer process or in plaintiffs' letter brief. Accordingly, the Court orders the parties to further meet and confer regarding such objections, as well as to meet and confer on the scope of discovery related to the federal claims. The parties shall conclude the meet and confer process by **November 21, 2005** and defendants shall produce documents by **November 30, 2005.**

**IT IS SO ORDERED.**

Dated: November 14, 2005

_____
SUSAN ILLSTON
United States District Judge