United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN STRIGLIABOTTI, et al., | No. C 04-00883 SI |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |
| v. | |
| FRANKLIN RESOURCES, INC., et al., | |
| Defendants. | |

Plaintiff's motion for class certification is presently pending before the Court. Having carefully considered the parties' papers and the arguments of counsel, the Court hereby DENIES plaintiff's motion.

## BACKGROUND

**A.  Factual Background**

This action is brought by shareholders of several mutual funds ("Funds") created, sold, advised, and managed as part of the Franklin Templeton fund family ("the Fund Complex"). Specifically, the Funds are Templeton Growth Fund, Franklin Balance Sheet Investment Fund, Franklin Flex Cap Growth Fund, Franklin Income Fund, Franklin Small-Mid Cap Growth Fund, Franklin Biotechnology Discovery

Fund, Mutual Shares Fund, and Franklin Utilities Fund. Third Am. Compl. ("Compl.") at ¶ 1.[1] Plaintiffs are nine individuals who bring suit both in their own rights and for the use and benefit of the aforementioned funds. *Id.* Plaintiff Susan Strigliabotti also brings this case on behalf of a class consisting of all residents of the State of California who were shareholders of the Templeton Growth Fund, the Franklin Balance Sheet Investment Fund, and/or the Franklin Flex Cap Growth Funds at any time from March 4, 2000 to the present. *Id.* at ¶ 45.

The "Class Defendants" are Templeton Global Advisors, Ltd., the advisor to the Templeton Growth Fund; Franklin Advisory Services, LLC, the advisor to the Franklin Balance Sheet Investment Fund; and Franklin Advisers, Inc., the advisor to the Franklin Flex Cap Growth Fund. *Id.* at ¶¶ 1, 38, 39. The Class Defendants also include Franklin Templeton Distributors, Inc., a corporation formed by Franklin Resources and the distributor and principal underwriter of the Funds; Franklin Templeton Services, LLC, an indirect, wholly-owned subsidiary of Franklin Resources that provides administrative services to the Funds; and Franklin Resources, Inc., the parent company which formulates and implements the policies and practices for entire Fund Complex. *Id.* at ¶¶ 1-2, 38, 39.

Plaintiffs allege that defendants receive advisory fees from the Funds for investment advisory services and administrative services, and these fees are based on a percentage of the net assets of each of the Funds. *Id.* at ¶ 6. Defendants also charge distribution fees for marketing, selling, and distributing mutual fund shares to new shareholders under "Distribution Plans" adopted pursuant to Rule 12b-1, 17 C.F.R. § 270.12b-1. *Id.* at ¶ 9. These distribution fees are based on a percentage of the net assets of each of the funds in the Fund Complex and amount to more than $7 million annually. *Id.* Plaintiffs allege that the advisory fees charged by defendants are higher than those for other funds for which defendants perform equivalent services, and that the distribution fees are excessive, in violation of Rule 12b-1 and § 36(b) of the Investment Company Act ("ICA"). Plaintiffs specifically claim that, despite significant growth in the Funds since 1983, they have not benefitted from the economies of scale and instead have been charged advisory and distribution fees that are disproportionately large in relation to

---

[1] On March 4, 2004, plaintiffs filed this action on behalf of five funds; they amended the complaint on June 3, 2004, adding Franklin Income Fund, Franklin Small-Mid Cap Growth Fund, Franklin Biotechnology Discovery Fund, Mutual Shares Fund, and Franklin Utilities Fund as plaintiffs, and adding as defendants Franklin Mutual Advisers, LLC, and Franklin Templeton Services, LLC.

2

the services provided. *Id.* at ¶¶ 13-15.

Plaintiffs seek to either rescind the investment advisory agreements and Distribution Plans and recover the total fees charged by defendants, or, in the alternative, to recover the excess profits resulting from economies of scale wrongfully retained by defendants, and any other excessive compensation or improper payments received and retained by defendants in breach of their fiduciary duty under § 36(b), 15 U.S.C. § 80a-35(b), and state law. *Id.* at ¶ 28. The Third Amended Complaint alleges individual and derivative claims for: (Count I) breach of fiduciary duty under § 36(b) for excessive investment advisory fees; (Count II) breach of fiduciary duty under § 36(b) for excess profits from economies of scale; and (Count III) breach of fiduciary duty under § 36(b) for excessive Rule 12b-1 distribution fees and extraction of additional compensation for advisory services. The Complaint also alleges individual, derivative, and class claims for: (Count IV) breach of fiduciary duty under California law; (Count V) civil conspiracy to breach fiduciary duty under California law; (Count VI) common law aiding and abetting breaches of fiduciary duty by Franklin Resources; (Count VII) "acting in concert" under § 876(b) of the Restatement (Second) of Torts; (Count VIII) breach of Cal. Business & Professions Code § 17200; and (Count IX) common law unjust enrichment.

**B.      Procedural Background**

Plaintiffs filed this action on March 4, 2004, and have amended the complaint three times. The original complaint, first amended complaint, and second amended complaint included individual and derivative claims, and did not contain class allegations. The third amended complaint, filed on August 17, 2005, is identical to the second amended complaint except for the addition of class action allegations based on California law (Counts IV through IX), and the deletion of claims related to two funds.

Now before the Court is plaintiff's motion to certify the California claims on behalf of a class of California residents who invested in three of the Funds.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 23 governs class actions. The party seeking class certification "bears the burden of demonstrating that she has met each of the four requirements of Rule 23(a) and at

least one of the requirements of Rule 23(b)." *Zinser v. Accuflex Research Institute, Inc.*, 253 F.3d 1180, 1186, *amended upon denial of rehearing*, 273 F.3d 1266 (9th Cir. 2001).

The decision to certify a class is committed to the discretion of the district court. *See Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1309 (9th Cir. 1977). A court may certify a class if the plaintiff demonstrates that all of the requirements of Federal Rule of Civil Procedure 23(a) are satisfied and at least one of the requirements of Rule 23(b) is satisfied. *See* Fed. R. Civ. P. 23; *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). Rule 23(a) requires that the following four factors must be met: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a). In short, the class must satisfy the requirements of numerosity, commonality, typicality, and adequacy.

In addition to demonstrating that the Rule 23(a) requirements are met, plaintiff must establish one or more of the following grounds for maintaining the suit as a class action pursuant to Rule 23(b): (1) that there is a risk of substantial prejudice from separate actions; (2) that declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) that common questions of law or fact predominate and the class action is superior to other available methods of adjudication. *See* Fed. R. Civ. P. 23(b). Here, plaintiffs assert that this case falls within Rule 23(b)(3).

In determining the propriety of a class action, the question is not whether the plaintiffs have stated a cause of action or will prevail on the merits, but, rather, whether the requirements of Rule 23 are met. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974). The Court must conduct a rigorous analysis to determine whether the Rule 23 requirements have been met. *See Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 161 (1982). The Court is obliged to accept as true the substantive allegations made in the complaint. *See In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 691 F.2d 1335, 1342 (9th Cir. 1982); *Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975). However, it "need not blindly rely on conclusory allegations which parrot Rule 23 requirements [and] may . . . consider the legal and factual issues presented by plaintiff's complaints." 2 Herbert Newberg & Alba Conte, Newberg on Class Actions 7.26 (3d ed. 1992).

4

## DISCUSSION

Plaintiff Susan Strigliabotti seeks certification of this action pursuant to Federal Rule of Civil Procedure 23(b)(3), only with respect to the California law claims[2] against the Class defendants, and only with respect to the three funds in which she has invested. Thus, the proposed class action involves some – but not all – of the funds in the case; some – but not all – of the claims in the case; some – but not all – of the defendants in the case; and some – but not all – of the shareholders in the case. Further, the proposed class has been defined to include only California residents who have invested in these funds, although there are presumably similarly-situated shareholders living in other states. Plaintiff has defined the proposed class as "all residents of the State of California who were shareholders in the Templeton Growth Fund, the Franklin Balance Sheet Investment Fund, and/or the Franklin Flex Cap Growth Fund (the "Class Action Funds") at any time from March 4, 2000, to the present (the "Class Period"). Complaint ¶ 45. In response to the Court's order directing supplemental briefing, plaintiff proposed a modified class definition limiting the class period to March 4, 2000 to March 4, 2003, which eliminates any overlap between the time periods covered by the proposed class claims and the § 36(b) claims.

The Court concludes that based upon the record here, as well as the unique facts and circumstances of this case, a class action is not a superior method of litigation because of the structural conflicts that would be created between a California class asserting direct claims, and the shareholders asserting derivative claims. An initial matter, the Court notes that during an early hearing in this case – prior to the inclusion of class claims – plaintiffs' counsel explicitly disavowed any intention of pursuing class claims. The parties and the Court proceeded based on this understanding of the case through several amendments to the complaint. It is unclear from the record what compelled plaintiff to now seek certification of certain claims, but it is abundantly clear that the late addition of these

---

[2] The California claims, Counts IV through IX of the Third Amended Complaint, are: (1) breach of fiduciary duty (Count IV); (2) civil conspiracy to breach fiduciary duty (Count V); (3) common law aiding and abetting breaches of fiduciary duty (Count VI); (4) acting in concert under § 876(b) of the Restatement (Second) of Torts (Count VII); (5) California Business & Professions Code § 17200 (Count VIII); and (6) common law unjust enrichment (Count IX).

scattered, California-based class claims to the national, derivative Investment Company Act-based claims, would substantially complicate and confuse the litigation.

More importantly, the Court remains concerned that the interests of the proposed class differ from the interests of the shareholders seeking a derivative recovery. *See Kamerman v. Steinberg*, 113 F.R.D. 511, 515 (S.D.N.Y. 1986) (denying class certification because assertion that defendant third parties had assets to compensate both the class and derivative claims was "insufficient to dispel the doubt that recovery in the class action may reduce potential recovery in the derivative action.").[3] With respect to the original class definition, which contained overlapping periods of time for both the class claims and the § 36 claims, the class and the derivative actions would be competing for the same pool of money, thus creating a structural incentive to favor one group over the other.[4] The Court does not believe that these competing claims should be combined in a single lawsuit, litigated by the same attorneys.

Even if the Court adopted the modified class definition, conflicts will still remain because it is likely that a majority of class members will be former shareholders who may not share in a derivative recovery. Defendants have submitted an affidavit showing that approximately 60% of the class will have no current fund ownership as of the date of trial. *See* Greene Aff. at ¶ 9. Plaintiffs assert that any alleged conflicts relating to potential remedies are speculative, and that former shareholders could receive their pro rata portions of any derivative recovery. However, plaintiff has not provided any on point authority for this proposition.[5] Accordingly, because class certification would lead to structural incentives to trade off potential recoveries for the Funds in favor of the direct claims, the Court

---

[3] To the extent that *Kamerman* adopted or extended a per se rule holding that a plaintiff could never represent a class against a corporation and also bring derivative claims, the Court finds it unnecessary to reach that question. The Court finds *Kamerman* instructive because the facts of that case are similar to those of the instant case.

[4] The Court notes that plaintiff's supplemental brief proposed the modified class definition to "avoid even the appearance of a conflict of interest," which suggests that plaintiffs recognized at least the potential for conflict between class claims and derivative claims directed at the same time period.

[5] For the proposition that derivative recovery could be passed on to former shareholders, plaintiff has submitted the declaration of an ethics professor and the declaration of a lawyer who describes the remedy obtained in an ERISA case. Plaintiff has not cited any statute or case in which derivative recovery in a securities action was passed on to former shareholders.

6

concludes that a class action is not superior, and DENIES plaintiff's motion..

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES plaintiffs' motion for class certification. (Docket No. 144).

**IT IS SO ORDERED.**

Dated: September 27, 2006

SUSAN ILLSTON
United States District Judge