IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN STRIGLIABOTTI, et al., | No. C 04-0883 SI |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL DISCOVERY** |
| v. | |
| FRANKLIN RESOURCES, INC., et al., | |
| Defendants. | |

By letter briefs, the parties seek resolution of several discovery disputes.[1]

**1.  Extension of discovery**

First, plaintiffs seek an extension of time to issue follow-up discovery. Plaintiffs assert that they need an extension of time because, *inter alia*, defendants' document production has been hampered by the fact that defendants have changed law firms three times during the course of this litigation. The parties dispute whether plaintiffs are entitled to any additional information, as well as which side is responsible for any delay. Both sides have submitted voluminous correspondence to the Court in an effort to demonstrate that the other side has delayed in discovery.

The Court concludes that a brief extension of discovery is warranted. While the Court does not find that defendants have intentionally delayed in producing any discovery, the correspondence submitted by both parties shows that discovery has been protracted, scheduling of depositions has been difficult, and document production has been complicated by defendants' use of three law firms

---

[1] The parties' letter briefs are found at Docket Nos. 187, 190, 191, and 200.

responsible for document discovery. The new non-expert discovery cut-off is **November 13, 2006**. The parties are directed to meet and confer on a modified pretrial schedule, and shall submit a stipulation and proposed amended schedule no later than **October 27, 2006**.

**2.     Income of individual portfolio managers**

The second discovery dispute concerns whether the individual income of each portfolio manager is privileged. During depositions of portfolio managers, defense counsel instructed witnesses not to answer any questions about individual manager compensation on the grounds that such information is highly sensitive, competitive information to Franklin, and because it would invade the privacy of the individual manager. Defendants assert that the individual incomes of the portfolio managers are irrelevant to plaintiffs' § 36(b) claim because whether the fee charged to Funds was excessive does not depend on what an individual portfolio manager earned, but rather whether the total fee was so disproportionately large that it bears no reasonable relationship to the services rendered. Plaintiffs respond that the costs of compensation paid to portfolio managers over time is relevant to an economies of scale analysis, as well as a profitability analysis.

The Court generally agrees with defendants that plaintiffs have not demonstrated that they need to know the incomes and bonuses of individual portfolio managers. If plaintiffs have been provided with information about the total fees charged to each fund, as well as information about how those fees have changed over time, there is no need for further information about specific incomes.

**3.     Monthly Operating and Performance reports**

The final dispute centers on whether defendants must produce Monthly Operating & Performance (MOP) Reports. According to defendants,

> The MOP report is an internal report distributed to the managers of the Franklin Equity Group on a monthly basis. It provides the managers of the Franklin Equity Group with a snapshot of how the accounts that group manages are performing, their revenue to date (based on fees multiplied by assets under management) and the contribution of this revenue to Franklin's total revenue figures, as well as information regarding the comings and goings of personnel.

Docket No. 190.

2

Plaintiffs assert that the MOP reports are responsive to request numbers 15 or 19 of the first request for production of documents. The Court agrees that the MOP reports are responsive to request 15, which sought:

> All documents relating to any calculation, review, cost benefit analysis, compilation, presentation or summarization (including financial statements) which reflect the costs incurred and income received by the Defendants or any of their affiliates in providing management, investment advisory, administrative, distribution or other services to any of the funds in the Fund Complex or any other person or client. This request includes any calculation, review or analysis of the profitability of providing such services.

Docket No. 187 at n. 4. Based on defendants' description of the MOP reports, those reports are "documents relating to . . . income received by the Defendants . . ." because these reports summarize financial performance, including revenue. Defendants are ordered to produce these documents by **October 27, 2006**.

**IT IS SO ORDERED.**

Dated: October 23, 2006

SUSAN ILLSTON
United States District Judge