1
2
3
4
5              IN THE UNITED STATES DISTRICT COURT
6              FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
8    SUSAN STRIGLIABOTTI, et al.,              No. C 04-883 SI
9              Plaintiffs,                     **ORDER RE: DISCOVERY**
10   v.                                        **TO BE FILED UNDER SEAL**
11   FRANKLIN RESOURCES, INC., et al.,
12             Defendants.
                                           /
13
14         Plaintiffs and two non-party independent directors seek resolution of a discovery dispute
15   concerning production of medical records.[1]  The Court previously ordered the directors, Gordon Macklin
16   and Fred R. Millsaps, to produce medical records dating back to January 1, 2004.[2]  Plaintiffs originally
17   selected the January 1, 2004 date based upon their understanding that the directors became impaired in
18   2004.  The records were produced on December 20, 2006.  According to plaintiffs, the records indicate
19   that Messrs. Macklin and Millsaps may have suffered impairments prior to 2004, and thus plaintiffs now
20   seek records for two additional years dating back to January 1, 2002.  The directors contend that
21   plaintiffs have offered no reasonable justification for further invading the privacy of Messrs. Macklin
22   and Millsaps.
23         The Court previously ordered the directors to produce their medical records because those
24   records are relevant to one of the factors governing plaintiffs' § 36(b) claim, namely the "independence
25
26         [1]  The letter briefs are found at Docket Nos. 230, 232 and 235.
27         [2]  The prior order, Docket No. 218, also granted discovery of medical records with respect to a
28   third independent director, Mr. Fortunato.  Plaintiffs' instant request only concerns Messrs. Macklin and
     Millsaps.

United States District Court
For the Northern District of California

and conscientiousness of the trustees." *Krinsk v. Fund Asset Mgmt., Inc.*, 875 F.2d 404, 409 (2d Cir. 1989); *see also Gartenberg v. Merrill Lynch Asset Mgmt., Inc.*, 694 F.2d 923, 930 (2d Cir. 1982) (whether independent trustees were fully informed about all facts bearing on adviser's fees and services, and extent of care and conscientiousness with which trustees performed duties, were important factors to § 36(b) analysis).  For the same reasons set forth in the Court's previous order, the Court finds that the medical records at issue are discoverable.  The Court remains cognizant of the significant privacy concerns implicated by such discovery.  However, plaintiffs are entitled to discover whether and to what degree the directors were impaired between 2002 and 2004, a time period when both individuals were actively serving on the Franklin Templeton boards.[3]

Accordingly, the Court GRANTS plaintiffs leave to seek the medical records for the period covering January 1, 2002 through December 31, 2003.  The Court shall not grant any further extensions.

**IT IS SO ORDERED.**

Dated: February 14, 2007

SUSAN ILLSTON
United States District Judge

[3]  As this is plaintiffs' second motion on this matter, the Court will not entertain any further motions seeking additional records prior to 2002.

2