IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN STRIGLIABOTTI, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>FRANKLIN RESOURCES, INC., et al.,<br><br>    Defendants.<br>_____ / | No. C 04-0883 SI<br><br>**ORDER RE: DISCOVERY** |

    The parties have submitted a discovery dispute to the Court for resolution.[1] The dispute concerns whether defendants are required to produce e-mails between defense counsel and Analysis Group, a consultant retained by defendants, in response to a document request seeking "all communications between the Experts or between the Experts and Defendants." Plaintiffs contend that they are entitled to these e-mails because Analysis Group worked closely with two of defendants' testifying experts, R. Glenn Hubbard and Laura T. Starks.

    Defendants state that they have produced all data that was forwarded to Hubbard and Starks, as well as Analysis Group's backup papers and analyses.[2] Thus, defendants assert that plaintiffs possess all of the information they need to ascertain what work Analysis Group performed for the testifying experts. However, defendants state that they separately retained Analysis Group as a non-testifying consultant, and that Analysis Group assisted defendants' counsel in rendering legal advice to their client. Defendants state that the e-mails at issue "served to assist counsel in understanding the analytical

---

[1] The letter briefs are found at Docket Nos. 243 and 245.

[2] Defendants also state that they will produce all e-mails between Analysis Group and the testifying experts.

framework for certain of the topics in the experts' reports and testimony, in formulating discovery requests, in interpreting the data produced by defendants, and in understanding plaintiffs' analysis of that data." April 17, 2007 letter brief at 3. Defendants have prepared a log describing these communications; at least some of the log entries describe communications regarding the experts or expert reports.

The Court finds that to the extent that defendants communicated with Analysis Group regarding the testifying experts or the expert reports, plaintiffs are entitled to those communications in order to examine the process by which the experts reached their ultimate conclusions. *See generally United States v. Torrance*, 163 F.R.D. 590, 593-94 (C.D. Cal. 1995). The fact that those e-mails were never shown to Hubbard or Starks does not shield those e-mails from discovery because by choosing to retain Analysis Group as a non-testifying consultant, and also to have the same firm work closely with and at the direction of Hubbard and Starks, defendants took a risk that their communications with Analysis Group would be discoverable. However, the Court finds that defendants are not required to produce any communications between defense counsel and Analysis Group that did not relate to the experts.

Accordingly, the Court ORDERS defendants to produce all withheld e-mails that relate to the experts and their reports no later than **May 18, 2007.**

**IT IS SO ORDERED.**

Dated: May 11, 2007

SUSAN ILLSTON  
United States District Judge

2